# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SARAH WEBB, INDIVIDUALLY, | § | |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF MATTHEW WEBB, | § | |
| DECEASED, AND AS NEXT FRIEND OF | § | |
| B.J.W.W., A MINOR | § | |
| | § | |
| V. | § | CASE NO. 4:09CV211 |
| | § | (Judge Schneider/Judge Mazzant) |
| PACCAR LEASING COMPANY, A | § | |
| DIVISION OF PACCAR FINANCIAL CORP. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #12). The Court, having

considered the relevant pleadings, is of the opinion that the motion to remand should be granted.

## BACKGROUND

Plaintiff, Sarah Webb individually, as Representative of the Estate of Matthew Webb, and

as Next of Friend of B.J.W.W., a minor, filed suit in state court on September 22, 2008, in the 211th

District Court of Denton County, Texas, against Defendants, PACCAR Leasing Company and

Taylor Oil Company. Defendant PACCAR Leasing Company is a Washington Corporation with its

principal place of business in the state of Washington, and Defendant Taylor Oil is a Texas

Corporation with its principal place of business in Ft. Worth, Texas. On September 25, 2008, the

suit was transferred to the 16th District Court of Denton County, Texas. On or about March 24, 2009,

Plaintiff and Taylor Oil participated in mediation and reached a confidential settlement on Plaintiff's

claims against Taylor Oil. The settlement with Taylor Oil involved a minor, therefore the settlement

agreement required court approval and the appointment of a guardian ad litem. The state court

appointed an ad litem and a date was set for the court's hearing to approve the settlement. On or

about May 6, 2009, PACCAR removed the case to federal court based on diversity of citizenship. At the time of removal, the settlement agreement had not been approved by the state court.

<u>**ANALYSIS**</u>

The issue that must be determined is whether the settlement agreement between Plaintiff, appearing as Next of Friend for a minor, and Taylor Oil is a binding settlement agreement between the two parties, which is enforceable, thus effectively eliminating Taylor Oil, the non-diverse defendant, from the present action.

Under 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state court to federal district court if the district court has subject matter jurisdiction over the case. One way to obtain subject matter jurisdiction is through diversity of citizenship between the parties. 28 U.S.C. § 1332. Furthermore, 28 U.S.C. § 1441(b) provides that if the basis for federal jurisdiction is diversity of citizenship, removal is available only if no defendant is a citizen of the forum state. Pursuant to 28 U.S.C. § 1332(a), diversity must be complete as to all plaintiffs and defendants. The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal court jurisdiction over the state court suit. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). The removal statute is to be strictly construed and any doubt as to the proprietary of removal should be resolved in favor of remand. *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The Court must examine the effect of a settlement between non-diverse parties when a minor is involved. Federal courts look to state law to determine whether removal is proper on the ground that the non-diverse defendant is no longer effectively a party to the case. *Martineau v. Arco Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000). In Texas, the rights and interest of a minor in a

2

legal proceeding are safeguarded by Rule 44 and Rule 173 of the Texas Rules of Civil Procedure. "A minor does not have the legal capacity to employ an attorney or anyone else to watch over their interests. Rule 44 of the rules of civil procedure authorizes appearance by a next friend." *Byrd v. Woodruff*, 891 S.W.2d 689, 704 (Tex. App.–Dallas 1994, writ denied). "The next friend is present in a representative capacity only, and the minor remains the real party in interest." *Id.* "Such next of friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit." Tex. R. Civ. P. 44(2). Typically, a settlement agreement between the parties, filed with the court, is sufficient for a final judgment. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). This is not the case when minors are involved. "With minors, even if the parties and court-appointed ad litem agree to the settlement, a judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement serves the minor's best interest." *Byrd*, 891 S.W.2d at 705. Therefore, to have a binding and conclusive settlement agreement with a minor, the agreement must be approved by the court. *See St. John Stevedoring Co. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987) (noting court approval is required to compromise and settle a minor's claim); Tex. R. Civ. P. 44(2).

Defendant relies on *Martineau* for their argument that the case was properly removed and remand should be denied. The Defendant cites the trial court's holding in *Martineau*, 25 F. Supp.2d 762 (S.D. Tex. 1998), that when a plaintiff voluntarily enters into a settlement with all non-diverse defendants and only diverse defendants remain in the action, the plaintiff has given up its right to choose the forum and it is not required that dismissal of the non-diverse defendant be in writing. The Defendant further relies on the Fifth Circuit's holding in *Martineau* stating the drafting, signing, and

filing of letters involving settlement are acts of the plaintiff evidencing its intent to abandon claims against the non-diverse defendant and the case is therefore removable.

Prior to *Martineau*, the Fifth Circuit, in applying Texas law, found that a settlement agreement could be revoked even after court approval if the court had not rendered judgment on the agreement, and to render judgment on the agreement, the court must announce its decision in open court or file a written order with the clerk. *See Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 693 (5th Cir. 1995). Shortly after the Fifth Circuit's *Vasquez* decision, the Texas Supreme Court clarified Texas law relating to the binding effect of settlement agreements. In *Padilla*, 907 S.W.2d at 461, the Texas Supreme Court held that a court can enforce a settlement agreement that complies with Rule 11of the Tex. R. Civ. P., in writing and signed by both parties, even though one side no longer consents to the agreement. *See also Martineau*, 203 F.3d at 911 (noting once a settlement agreement contains all material terms, is in writing, and signed; both parties are bound by the agreement even if the court has not yet ruled on it). Under *Padilla* and *Martineau*, parties are now bound by a settlement agreement if it is in writing and signed by both parties even if the court has not ruled on it.

Even though the holding in *Martineau* reflects the current law in Texas regarding the binding effect of settlement agreements, Defendant's reliance on *Martineau* is misplaced. The facts of *Martineau* are distinguishable from the instant case. *Martineau's* holding applies to a typical settlement agreement between parties where a minor is not involved. The instant case involves a minor and is not governed by the holding in *Martineau*, but governed by Rule 44 of the Tex. R. Civ. P. As noted, Rule 44(2) of the Tex. R. Civ. P. requires any settlement or compromise involving a

minor to be approved by the court before becoming binding and conclusive upon the minor.[1] Defendant's reliance on other federal court cases is also misplaced because the cases do not involve the settlement of a minor's claim.[2]

At the time of removal, the settlement agreement had not been approved by the state court and is not binding and enforceable as to the minor Plaintiff in this action. If the state court rejects the settlement agreement, Plaintiff's cause of action against Taylor Oil still exists, which makes them a continued party to the suit and defeats diversity jurisdiction. Until the state court conducts a hearing, considers the evidence of the settlement agreement, and then approves the agreement, Taylor Oil is still a Defendant in this case, eliminating diversity jurisdiction pursuant to 28 U.S.C. §§ 1132(a), 1441(b).

## RECOMMENDATION

Pursuant to the foregoing, it is RECOMMENDED that the Plaintiff's Motion to Remand should be **GRANTED** and the case should be REMANDED to the 16th District Court of Denton County, Texas. It is further RECOMMENDED that Plaintiff's claim for attorney's fees should be **DENIED**.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

---

[1] Although the Fifth Circuit overruled *Vasquez* in *Martineau*, Plaintiff relies upon footnote six in *Vasquez* which states that Texas requires court approval to compromise and settle a minor's claims. While *Vasquez* is no longer applicable law on this issue, the case cited in footnote six, *St. John Stevedoring Co.*, 818 F.2d 397, is still applicable law.

[2] *See DiNatale v. Subaru of Am.*, 624 F. Supp. 340, 344 (E.D. Mich. 1985); *Erdey v. Am. Honda Co.*, 96 F.R.D. 593 (M.D. La. 1983); *Franz v. Wyeth*, 431 F. Supp. 2d 688 (S.D. Tex. 2004).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 18th day of June, 2009.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE